IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN D. and STACEY L. ERICKSON, | ) | CV 08-15-M-DWM-JCL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA ELECTRONICS CO., INC., | ) | |
| ERISA Plan Administrator, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiffs John and Stacey Erickson bring this action alleging that the Defendants failed to procure health insurance coverage for Stacey Erickson while John Erickson was employed by Montana Electronics Company, Inc. ("MECO").  The Ericksons requested coverage for Stacey and completed the necessary paperwork, but the Defendants did not purchase coverage for Stacey despite withholding premium amounts from John's paycheck.  The Ericksons sued in state court alleging various state claims, and the Defendants removed the action.

    The Ericksons filed a motion for remand to state court, and the Defendants filed a motion to dismiss on the ground that the Ericksons' state claims are pre-empted by ERISA.  United States

Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in which he concluded that the Ericksons' claims are pre-empted by ERISA and that remand is not appropriate. Judge Lynch also recommended that the Ericksons be given an opportunity to amend their Complaint to allege ERISA claims.

The parties did not timely object and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full. However, because the Ericksons have now filed an Amended Complaint alleging ERISA violations, the Defendants' motion to dismiss will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that the Plaintiffs' motion for remand (Doc. No. 16) is DENIED, and Defendants' motion to dismiss (Doc. No. 6) is DENIED as moot following the filing of Plaintiffs' Amended Complaint.

DATED this 14th day of May, 2008.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT